shall not be used as a circumstance against him. By statute, Art. 710, C.C.P., the court is not forbidden to comment on the defendant's failure to testify, but the statute says, " * * * nor shall the same be alluded to or commented on by counsel in the cause". We do not think that the appellant's rights have been invaded by the fact that the court had through an excess of caution, perhaps, attempted to tell him what his rights were in the case.

It is further shown by the testimony that appellant had been previously convicted in the same court of an offense of like character which doubtless caused a penalty of $200 fine and 60 days in jail.

We see no error reflected by the record, and the judgment will therefore be affirmed.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the unlawful sale of whiskey in a dry area; the punishment, a fine of $300.

The record is before us without a statement of facts or bills of exceptions.

All the proceedings appearing regular and nothing being presented for our review, the judgment of the trial court is affirmed.

**BARRETT v. STATE.**

No. 26834.

Court of Criminal Appeals of Texas.

Feb. 17, 1954.

**WILLIAMS v. STATE.**

No. 26693.

Court of Criminal Appeals of Texas.

Jan. 6, 1954.

